Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

INTERNATIONAL TESTING CORPORATION and Douglas Layman, Defendants.

No. 89-61.

United States District Court
S. D. California,
Central Division.

June 15, 1962.

George E. Duemler, Atty., U. S. Dept. of Labor, Los Angeles, Cal., for plaintiff.

Arthur D. Guy, Long Beach, Cal., for defendants.

HALL, Chief Judge.

The within action was commenced on January 26, 1961. The United States Department of Labor sought an injunction against defendants for alleged violations of certain terms and provisions of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201 et seq.

After Answer, discovery proceedings were had, one of which leads to the subject matter of the within Memorandum, viz.: a request by plaintiff to defendants for admission of facts.

The plaintiff made a motion to be relieved of the provisions of Local Rule 9 for compulsory pre-trial but that motion was not granted, and a pre-trial order was signed.

Thereafter, the case was tried and on January 12, 1962, the Court (Judge Beeks sitting here by assignment) announced that judgment would be in favor of defendants upon Findings of Fact and Conclusions of Law to be submitted.

On February 8, 1962, plaintiff filed a Motion to assess the sum of $421.81 as expenses against defendants, asserting that plaintiff had spent that amount of money in investigating matters concerning which the request for admissions had been made.

The request for admissions involved herein related to questions as to whether or not some 21 different companies or organizations other than defendants were engaged in sending or receiving goods in interstate commerce.

Typical of the request for admissions is No. 50 and the response, which read as follows:

"50. That American Savings & Loan Association, regularly handles correspondence, bonds, notes, bills of exchange, which are sent to and received from points outside the State of California.

"Response No. 50: International Testing Corporation and Douglas Layman, individually, cannot truthfully admit or deny the matters set forth in said request No. 50 for the reason that the matters contained therein are not within the knowledge of either International Testing Corporation or Douglas Layman, but are completely in the knowledge of third persons, and neither International Testing Corporation nor Douglas M. Layman can readily and reasonably determine the existence and truth thereof."

The Motion is denied for two reasons: First, it is not timely, and secondly, it has no merit.

■ The Motion is not timely for the reason that a party cannot stand by until after a judgment is rendered against it after trial on the merits, and then attempt, for the first time, to impose sanctions permitted under Rule 37(c), Federal Rules of Civil Procedure, 28 U.S. C.A. Plaintiff had the remedy to move the court to compel defendants to make other answers if dissatisfied with the answers which defendants gave. It did not do so. It did not indicate that it desired the imposition of sanctions at pretrial, and not until after trial on the merits and judgment against plaintiff when the motion made to the Trial Judge was denied without prejudice to its renewal for the reason that he was not familiar with what had occurred prior to the trial.

The Motion is without merit for the reason that, this being an action wherein it was necessary for the plaintiff to prove transportation of goods in interstate commerce, the burden of proof was upon the plaintiff to do so.

■ In spite of all the so-called advances in pleading, we have not yet reached the point where courts are to completely destroy the fundamental principle that the party asserting an issue has the burden of proving it, and substituting instead, the proposition that plaintiff can, by merely making a "claim for relief" compel defendant to go out and gather evidence at defendant's expense to prove plaintiff's claim. Simplified pleading and discovery does not discard either the proposition that a plaintiff must have some merit to his case before he hauls a defendant into court, or that he must at least know enough about the facts to make a prima facie case.

■ What the plaintiff did here was to request defendants to admit that 21 different companies or organizations were engaged in interstate commerce. The answer of defendants is a proper one. If it cost the plaintiff $421.81 to get the information, then it certainly would have cost defendants that amount of money. If a lawsuit is merely to be a game wherein somebody comes in and makes a complaint, and compels the defendant to go out and interview witnesses and persons who are not parties to the action in order to prove plaintiff's case, some other court than this one is going to have to say so.

Merely from the practical aspects, if defendant International Testing Corpora-

tion or the individual defendant Douglas Layman asked any one of the 21 companies or organizations if they shipped goods in interstate commerce, they would probably be told, and properly so, that it was none of their business.

Moreover, it seems to me that it is entirely proper to comment that if the United States or one of its agencies or any other plaintiff desires to file suit, they should make some preparation on the facts before filing the suit. Nothing better demonstrates this fact than here where, after trial on the merits, judgment went against the plaintiff.

The Motion to assess expenses is denied.